HELEN HOFF, RESPONDENT, v. PUBLIC SERVICE RAIL-
WAY COMPANY, APPELLANT.

Submitted March 22, 1917—Decided June 22, 1917.

1. A carrier owes to its passenger the duty of protecting him from the violence and insults of other passengers, so far as this can be done by the exercise of a high degree of care, and it will be held responsible for its servant's negligence in this particular when, by the exercise of proper care, the act of violence might have been foreseen and prevented.

2. The failure of the servant of a carrier to prevent the commission of an assault upon a passenger by another passenger, to be a negligent failure or omission must be a failure or omisison to do something which could have been done by the servant; and, therefore, there is involved the essential ingredient that the servant had knowledge, or with proper care could have had knowledge, that the

tort was imminent, and that he had that knowledge, or had the opportunity to acquire it, sufficiently long in advance of its infliction to have prevented it with the force at his command.

3. In passing upon a motion for the direction of a verdict, the court cannot weigh the evidence, but is bound to concede to be true all evidence which supports the view of the party against whom the motion is made, and to give to him the benefit of all legitimate inferences which are to be drawn in his favor.

4. The fact that a passenger was intoxicated to the knowledge of the carrier's conductor, the fact that he had repeatedly insulted a woman passenger in the presence and hearing of the conductor, and immediately after the last insulting remark arose from his seat and struck her twice, all without any word of admonition or protest by the conductor or attempt upon his part to prevent the assault, although he was throughout within arms' reach of the drunken man, are circumstances from which the jury could properly infer that with proper care upon the part of the conductor the act of violence might have been foreseen and prevented.

On appeal from the Hudson County Circuit Court.

Before Justices TRENCHARD and BLACK.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan* and *George H. Blake.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought by the plaintiff, a passenger on a trolley car of the defendant company, to recover for injuries sustained by her by reason of the failure to protect her as a passenger.

The plaintiff had a verdict of the jury and the defendant appeals.

The defendant complains of the refusal of the trial judge to direct a verdict in its favor, and the determination of the propriety of that action will dispose of every question raised and argued.

We are of the opinion that the refusal to direct a verdict was right.

At the time when the motion was made it was open to the jury to infer from the evidence, if they saw fit, the following matters of fact:

The plaintiff, a young woman, boarded a closed "pay-as-you-enter" car of the defendant company on March 20th, 1915, at First street, in Bayonne. It was late at night and there were some men on the car who had been to a prize fight and who had been drinking. As she walked into the car, one of the men said, "Look who is here!" or "Look who is coming!" The plaintiff was agitated and walked into the car without paying her fare and afterwards got up and paid her fare. As she passed the man the second time he again spoke to her, saying, "Hello chicken!" and addressed other insulting remarks to her as she was paying her fare. When the car reached Sixteenth street (where she wished to alight), as she passed the drunken man, he said, "Hey, chicken, take us along." The plaintiff resented this remark and turned and said to him: "You insulted me since I got on this car, if you insult me again I will smack your face." The man then arose from his seat and struck her twice; once in the breast and once in the face, severely injuring her. These insulting remarks made by the drunken man to and concerning the plaintiff were all in the presence of the conductor of the car (who stood within two feet of the man) and were heard by him, but he uttered not a word of admonition or protest, and made no effort to protect the plaintiff from such insults, nor from the assault, although he knew that the man was intoxicated.

Now, the rule is that a carrier owes to its passenger the duty of protecting him or her from the violence and insults of other passengers, so far as this can be done by the exercise of a high degree of care, and it will be held responsible for its servant's negligence in this particular, when, by the exercise of proper care, the act of violence might have been foreseen and prevented. *Exton* v. *Central Railroad Co.*, 62 N. J. L. 7; 63 Id. 356.

It is, unquestionably, the right of a carrier to control a person who is behaving in an improper manner on its con-

veyance, or to eject a person who refuses to desist from objectionable and indecent conduct, or whose condition is such as to render his presence on the conveyance offensive or dangerous to the reasonable comfort or safety of other passengers. And having this power of control or ejection it is only reasonable to hold the carrier liable in case its negligent failure to exercise it results in injury to a passenger. The gist of the action for such injuries is the negligence of the carrier or its officers in charge of the conveyance.

The negligent omission of the servant of a carrier to prevent the commission of a tort upon a passenger by fellow-passengers being, as we have stated, the basis of the carrier's liability to a passenger injured by such tort, it follows, of course, that the failure to prevent the commission of the tort, to be a negligent failure or omission, must be a failure or omission to do something which could have been done by the servant; and, therefore, there is involved the essential ingredient that the servant had knowledge, or with proper care could have had knowledge, that the tort was imminent, and that he had that knowledge, or had the opportunity to acquire it, sufficiently long in advance of its infliction to have prevented it with the force at his command.

The defendant argues that the evidence conclusively shows (1) that the man who committed the assault upon the plaintiff was not drunk, and (2) that its conductor had no reason to anticipate the assault, and hence that a verdict should have been directed in its favor.

But this contention is not well founded in fact.

In passing upon the motion for a direction of a verdict for the defendant, the court cannot weigh the evidence, but is bound to concede to be true all evidence which supports the view of the plaintiff, and to give her the benefit of all legitimate inferences which are to be drawn in her favor. So considered, it was open to the jury to find both that the passenger who assaulted the plaintiff was drunk, and that the conductor had reason to anticipate the assault sufficiently long in advance to have prevented it. Of course, the mere fact that a passenger may have drunk to excess will not, in every case,

justify his expulsion from the car.   It is rather the degree of intoxication, and its effect upon the man, and the fact that, by reason of the intoxication, he is dangerous or annoying to the other passengers, that gives the right or imposes the duty of expulsion.   In the present case, the mere fact that the drunken man was not ejected is not a controlling circumstance.   But the fact that the man was intoxicated to the knowledge of the conductor, the fact that he had repeatedly grossly insulted the plaintiff in the presence and hearing of the conductor, and immediately after the last insulting remark arose from his seat and struck the plaintiff twice, all without any word of admonition or protest by the conductor, or attempt upon his part to prevent the assault, although he was throughout within arms' reach of the drunken man, are circumstances from which the jury could properly infer that with proper care upon the part of the conductor the act of violence might have been foreseen and prevented.

The judgment below will be affirmed, with costs.